# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| RE: Leslie Potter | ) | Case No.: 20-82219-CRJ-7 |
| SSN: xxx-xx-1515 | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |

## MOTION FOR APPROVAL
## FOR PAYMENT OF PROFESSIONAL FEES

COMES NOW the duly appointed and acting Trustee in the above styled Chapter 7 case, and shows the Court as follows:

1. This Court previously approved an application by the Trustee to employ Sparkman, Shepard & Morris, P.C. as an attorney.

2. The said professional employed by the Trustee has now submitted a final bill for services rendered, which is attached hereto as Exhibit "A." The total amount requested as payment is $7,199.80 consisting of $6,998.00 in compensation for legal services rendered and $201.80 in expenses incurred. The attorney has not made previous application for payment in this case.

3. The Trustee recovered $45,013.39 as a direct result of counsel's efforts in this matter. The total fees requested by counsel comprise approximately 15.55% of the total recovery, falling under the 25% max cap established in the Court's Order approving employment of counsel.

4. In Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1303 (1988), the Eleventh Circuit declared that counsel bears the burden in the first instance of supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. A well-prepared fee petition also includes a summary in which time entries are grouped by the nature of the activity or stage of the case. The applicant has provided the court with the required summary for all services to be compensated and all expenses to be reimbursed.

5. The Eleventh Circuit also ruled in Norman that it is perfectly proper for this court to award attorney's fees based solely on affidavits in the record. Mesa Petroleum Company, 629 F.2d at 1030; Accord, Mendoza v. City of Miami, 483 F.2d 430, 431 (5th Cir. 1973). Moreover, the court may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value. Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940) (Sibley, J.). Accord, NAACP v. City of Evergreen, 812 F.2d at 1334; King v. McCord, 707 F.2d 466, 468 (11th Cir. 1983) (King v. McCord II); Mesa Petroleum Company v. Coniglio, 629 F.2d 1022, 1030 (5th Cir. 1980); Brown v. Culpepper, 561 F.2d 1177, 1177-78 (5th Cir. 1977); Davis v. Board of school Commissioners of Mobile County, 526 F.2d 865, 868 (5th Cir. 1976).

6. It should be noted that one hour of the total time submitted was spent in the preparation in detail of the present application as is required by Bankruptcy Rule 2016(a), 11 U.S.C. Section 330(a)(a), and case law interpreting these provisions. There is case law that expressly provides for compensation for the preparation of such an application; a well conceived argument on this point is stated by In re Nucorp Energy, Inc., 13 BCD 415 (9th Cir. 1985), a California case that reasons that if the pertinent provisions of the law *require* a detailed application, it would be unjust not to compensate the applicant for the time spent to prepare such an application. The Nucorp case set out many cases that have followed that rationale, including two applicable Fifth Circuit cases, prior to the creation of the Eleventh Circuit. In re Braswell Motor Freight Lines, 630 F.2d 348 (5th Cir. 1980) and In re Rosepass Mines, Inc., 615 F.2d 1088 (5th Cir. 1980). The applicant states that to submit an application for compensation in compliance with Bankruptcy Rule 2016(a) and 11 U.S.C. Sections 330 and 331 for the case at bar must be complex and time consuming and that the attorney should be compensated for the time spent in the preparation of this application.

7. No agreement exists between the attorney and any other person or entity whatsoever for the sharing of compensation or expenses in this case.

8. This application is brought under the provisions of Sections 327, 328 and 330 of the United States Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, the Trustee requests that the Court:

1. Enter an Order approving such compensation and expenses and authorizing the Trustee to pay same; and

2. Grant other and further relief as the Court deems just and proper.

Respectfully submitted this 15th day of December, 2021.

*/s/ Tazewell T. Shepard*
Tazewell T. Shepard
*Trustee in Chapter 7 Bankruptcy*

**SPARKMAN, SHEPARD & MORRIS, P.C.**
P. O. Box 19045
Huntsville, AL 35804
Tel: (256) 512-9924
Fax: (256) 512-9837

## CERTIFICATE OF SERVICE

This is to certify that I have this 15th day of December, 2021, served the foregoing document upon those parties as found on the Clerk's Certified Matrix and upon John C. Larsen, Esq., Attorney for Debtor, Larsen Law, 1733 Winchester Road, NE, Huntsville, AL 35811, Leslie Potter, Debtor, 6500 Walden Run, Apt. 606, Huntsville, AL 35806, and upon Richard M. Blythe, Esq., Office of the Bankruptcy Administrator, P.O. Box 3045, Decatur, AL 35602, by electronic service through the Court's CM/ECF system and/or by placing a copy of same in the United States Mail, postage prepaid.

*/s/ Tazewell T. Shepard*
Tazewell T. Shepard